The document below is hereby signed.

Signed: March 26, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| JOHN KENT SCALES, | ) | Case No. 94-00117 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On February 10, 2014, Citibank, N.A. filed an application for release of unclaimed funds in the amount of $73.90 (Dkt. No. 211).

The governing statute, 28 U.S.C. § 2042, requires that in order to obtain a release of unclaimed funds, the applicant must submit "full proof of the right thereto." This application fails to comply with that requirement. Although the application is signed under penalty of perjury and states that the debt remains unsatisfied in an amount equal to or exceeding the unclaimed funds, it provides the following information in paragraph 4 of the form of application used in this court for obtaining a release of unclaimed funds:

      4. An account record regarding amounts owed on the debt:
- [ ] was not maintained;
- [ ] was maintained and a copy of the page stating the balance currently owed is attached hereto;
- [x] was maintained but is unavailable because:

      but I can certify that the debt remains unpaid because: <u>Payment has not been received</u>.

The application contains no satisfactory explanation for how the applicant can know that payment has not been received, and that the debt remains unpaid, when there is no account record available. Accordingly, the applicant has not submitted "full proof of [its] right" to the unclaimed funds as required by § 2042.[1] It is thus

    ORDERED that the application for release of unclaimed funds in the amount of $73.90 (Dkt. No. 211) filed on February 10, 2014, is denied without prejudice.

---

[1] This court generally does not require that an attorney represent a corporation with respect to an application to obtain a release of unclaimed funds. In a separate bankruptcy case, *In re Ostojic Ivanka*, Case No. 88-00252 (Bankr. D.D.C.), CitiBank and its related entities submitted three unsuccessful applications, signed by a non-attorney, seeking to obtain unclaimed funds. In a recent decision issued by the court in that case, the court found that notwithstanding the guidance provided in the court's *Memorandum Decision and Order* dated December 29, 2010, the applicant appeared to be incapable of filing a satisfactory application without the assistance of an attorney. The court thus ordered that any further application pursuing the unclaimed funds at issue be signed by an attorney. Although I will not, at this juncture, impose a similar restriction in this case, the applicant is strongly encouraged to review the court's decisions in *In re Ostojic Ivanka* (copies of which have been separately transmitted to the recipient of this order) and seek the advice of counsel before renewing its application.

[Signed and dated above.]

Copies to:

Citibank, N.A.
c/o Santo Trombetta
388 Greenwich Street, 8th Floor
New York, NY 10013